UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGG R. LUEDDE,

   *Plaintiff*,

  v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

   *Defendants*.

Civil Action No. 19-2803 (RDM)

**MEMORANDUM OPINION**

This Freedom of Information Act ("FOIA") case is currently before the Court on cross-motions for summary judgment. Dkt. 33; Dkt. 34. Plaintiff Gregg Luedde, proceeding *pro se*, endorses Defendants' statement of undisputed material facts and agrees with Defendants' assertions that "Defendants have satisfied their obligation to conduct an adequate search for records responsive to Plaintiff's FOIA request through the search conducted by FBI" and that "the FBI reviewed documents and disclosed all non-exempt responsive records, and have sufficiently justified their withholding of exempt information . . . ." Dkt. 34 at 1 (quoting Defs.' Mot. for Summ. J., Dkt. 33 at 52). Plaintiff claims, however, that there is one material fact still in dispute: "whether Plaintiff's suit caused Defendants to voluntarily or unilaterally change [their] positions." *Id.* at 1–2 (cleaned up). He contends that because "absent this suit, Defendants would have taken no action with regards to [his] FOIA request," he is "entitled to summary judgment on the issue of causation and fees as they relate to 5 U.S.C. 552(a)(4)(E)(ii)(II)." *Id.* at 2.

The Court understands Plaintiff to concede that summary judgment in favor of Defendants is appropriate in this FOIA litigation. The Court will therefore **GRANT** Defendants' motion for summary judgment and **DENY** Plaintiff's cross-motion for summary judgment.

In addition, the Court construes Plaintiff's cross-motion for summary judgment to be a request for attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). In some circumstances, FOIA allows a court to award reasonable attorneys' fees and litigation costs to a prevailing plaintiff. 5 U.S.C. § 552(a)(4)(E). *Pro se* parties are not entitled to attorneys' fees, but they may recover their litigation costs. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259–60 (D.C. Cir. 1993). Here, Plaintiff argues that he is entitled to costs under 5 U.S.C. § 552(a)(4)(E)(ii)(II), because he substantially prevailed in this litigation by obtaining relief through "a voluntary or unilateral change in position by the agency."

Although Plaintiff is free to argue that he is entitled to recover his litigation costs, a cross-motion for summary judgment on the merits of the case is not the appropriate vehicle for that request. Instead, he must file a motion seeking costs, and Defendant must be given an opportunity to respond to that motion. *See Harvey v. Lynch*, 123 F. Supp. 3d 3, 9 (D.D.C. 2015). The Court, accordingly, will **ORDER** that Plaintiff shall, if he seeks to recover litigation costs, file a motion seeking costs within 30 days of this Order, on or before December 1, 2022. Defendants may file an opposition on or before January 2, 2023, and Plaintiff may reply on or before February 1, 2023.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion for summary judgment, Dkt. 33, and **DENY** Plaintiff's cross-motion for summary judgment, Dkt. 34. Plaintiff may file a motion seeking the award of costs consistent with this opinion.

A separate order will issue.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 1, 2022